IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:21-cv-00656 |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH | ) | JUDGE CAMPBELL |
| SYSTEM, INC., | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant University Hospitals Health System, Inc.'s ("UH") motion for judgment on the pleadings (Doc. No. 37), brought under Federal Rule of Civil Procedure 12(c), which is fully briefed. (Doc. Nos. 40, 44). For the reasons discussed below, UH's motion is **DENIED**.

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). The Court construes the complaint in the light most favorable to the plaintiff, accepts its factual allegations as true, and determines "whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Id.* (internal quotation marks and citations omitted). Judgment on the pleadings is proper when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021).

In the present case, Plaintiff Samuel Johnson ("Johnson") brings state law claims against UH for tortious interference with employment relations (Count 1)[1] and for common law and

---

[1] "The essential elements of a claim for intentional interference with employment are 'that the defendant intentionally and without justification procured the discharge of the employee in question.'"

statutory tortious inference with contractual relations (Counts 2-3).[2] Through its pending motion, UH argues Johnson's claim for tortious interference with employment relations must be dismissed because the Complaint does not allege an improper motive or used improper means to interfere with Johnson's employment. While the Court agrees that the Complaint does not allege UH used improper means to interfere with Johnson's employment, it finds that Johnson has pleaded facts, accepted as true, that allege an improper motive – harming Johnson – even if UH may have also had business interests that would be furthered by termination of Johnson's employment. (*See* Complaint, Doc. No. 1 ¶¶ 70-90). Accordingly, UH's motion is denied as to Count 1.[3]

UH seeks dismissal of Johnson's claims for tortious interference with contractual relations on the basis that the Complaint does not plausibly allege an underlying breach of contract, an essential element of both claims. *See supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bullington v. Bedford Cty., Tenn.*, 905 F.3d 467, 469 (6th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). According to UH, the alleged breach of the underlying contract – termination of Johnson's employment contract (*see* Complaint, Doc. No. 1 ¶¶ 92-93) – is conclusory because the Complaint does not allege "how the termination of []

---

*Thompson v. Memphis Light, Gas & Water*, 416 S.W.3d 402, 413 (Tenn. Ct. App. 2011) (quoting *Ladd v. Roane Hosiery, Inc.*, 556 S.W.2d 758, 760 (Tenn. 1977)).

[2] "In Tennessee, the common law action for tortious interference with contract and the statutory action for unlawful procurement of breach of contract have the same elements and operate as alternative theories of recovery." *Hauck Mfg. Co. v. Astec Indus., Inc.*, 376 F. Supp. 2d 808, 832 (E.D. Tenn. 2005) (citing Tenn. Code Ann. § 47-50-109; *Buddy Lee Attractions, Inc. v. William Morris Agency, Inc.*, 13 S.W.3d 343, 359 (Tenn. Ct. App. 1999)). The elements for either cause of action are: (1) a legal contract existed; (2) the defendants knew the contract existed; (3) the defendants intended to induce a breach of that contract; (4) the defendants acted with malice; (5) the contract was breached; (6) the defendants' actions were the proximate cause of the breach; and (7) the plaintiff suffered damages. *See Robinson v. City of Clarksville*, 2023 WL 1230159, at *10 (Tenn. Ct. App. Jan. 31, 2023), appeal denied (May 10, 2023) (citing Tenn. Code Ann. § 47-50-109)).

[3] Although the existence of an employment contract may impact the viability of Count 1, the Court does not reach that issue on the present motion because UH did not argue it.

Johnson's employment breached the terms of his contract." (Doc. No. 38 at 12) (emphasis omitted). Thus, UH argues the alleged breach is a legal conclusion that is not entitled to the assumption of truth because the Complaint does not allege a particular provision of the contract that was breached. (*See id*. at 13) (citing *Ingram v. Tenn. Dep't of Health*, No. 3:17-cv-01565, 2021 WL 3490025, at *18 (M.D. Tenn. Aug. 9, 2021) ("The amended complaint does not specify the terms of the contract or the extent to which both parties performed. Without such information, [the plaintiff] has not adequately pleaded that contract was breached or that any breach was the proximate result of the defendants' conduct.")).

The Court disagrees. As an initial matter, *Ingram* is distinguishable from the case at bar because here Johnson attached the employment contract to the Complaint and alleges his performance under the contract. (Doc. No. 1-2; Doc. No. 1 ¶¶ 9-10).[4] More importantly, the determination of whether a party has fulfilled its obligations under a contract or is in breach of the contract is a question of fact. *See Forrest Const. Co., LLC v. Laughlin*, 337 S.W.3d 211, 220, 225 (Tenn. Ct. App. 2009). Thus, UH asks the Court to construe the factual allegations in a manner that favors its argument, not in favor of Johnson as required under the standard of review. *See Iqbal*, 556 U.S. at 682. The Court declines to do so. Here, Johnson's allegations that the termination of his employment breached the terms of his employment contract, accepted as true, support his claims for tortious interference with contractual relations. Accordingly, UH's motion is denied as to Counts 2 and 3.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because Johnson's employment contract is central to Johnson's claims and is attached to the Complaint and to UH's motion, (Doc. No. 38-1), it is part of the pleadings that the court may consider in ruling on the present motion. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).